■ In the Matter of the Construction of the Will of STEPHEN A. SHUTTS, Deceased. WILLIAM F. SHUTTS, JR., et al., Appellants; GRACE P. SHUTTS, Respondent.— Appeal from a decree of the Surrogate's Court of Clinton County which construed the will of Stephen A. Shutts, deceased. Testator died on June 30, 1932, leaving a will dated August 28, 1930, which was admitted to probate on July 5, 1932. With certain exceptions which are unimportant here, testator devised and bequeathed all of his real and personal property to his wife, Eunice Shutts, "to use and enjoy during her lifetime". Then following the paragraph which gives rise to this controversy: "Second: After the death of my wife, my real estate shall be divided into six (6) equal portions; two-sixths (2/6) to each of my sons; and one-sixth (⅙) to each of the children of my deceased daughter, STEPHEN FIFIELD and CORA MERCEDES FIFIELD, to whom I give the life use and income thereof, and after their respective deaths I give the remainder absolutely to their heirs. However, should either of said Fifields die without issue, the property allotted to such persons shall revert to their heirs." Appellants contend that each of the two sons received only a life use of two sixths of the real property, while respondent contends, and the Acting Surrogate has held, that each son received a vested outright gift of two sixths of the real estate, subject only to the life use of his mother. The question arises because one of the sons, Herbert Shutts, died leaving only his widow, but no children. At the times involved a widow was not an "heir" and if Herbert had only a life use of the two-sixths share, the remainder would revert to others to the exclusion of Herbert's widow, to whom he devised and bequeathed his entire estate. At the time he made the will and at the time of his death, testator had two living adult sons and two minor grandchildren, Stephen and Cora Fifield, the children of a daughter who had predeceased him. We think the language

of the clause under consideration is clear and unambiguous, and, without the aid of canons of construction, expresses a clear intention to devise a vested interest in two sixths of the real estate to each adult son and that the reference to " life use and income" refers only to the devise to the minor grandchildren, Stephen and Cora Fifield. In a separate sentence testator refers to the Fifields by name and provides for a remainder over, while no such provision is made relating to the sons. The punctuation used fortifies this position. The use of a semicolon after the clause " two-sixths to each of my sons;" indicates the completeness and finality of that provision. Moreover the usual canons of construction support this view. It is natural and reasonable that testator would devise the shares of adult sons who were maintaining their own homes without restriction, while withholding the absolute title in fee from minor grandchildren. The will as a whole supports such an intention. The parties themselves have placed such a practical construction on the will because more than twelve years have elapsed since deeds were given, pursuant to the direction of the Surrogate on final accounting, conveying real estate passing under paragraph Second, to Herbert Shutts, to the administratrix of the estate of William F. Shutts, and to Stephen and Cora Fifield. No appeal was taken from that decree and no action or proceeding attacking these deeds has been brought. The Acting Surrogate correctly construed the will as devising two sixths of testator's real estate to each of his sons in fee simple absolute, subject only to the life use of testator's widow. Decree unanimously affirmed, with costs to respondent. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ.